■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR COLLAZO, Appellant. [627 NYS2d 692] —Judgment, Supreme Court, New York County (Renee White, J.), rendered August 14, 1991, convicting defendant, upon his guilty plea, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's sole contention on appeal is that all of his statements made to the police concerning his involvement in a murder should have been suppressed because he was initially interrogated while in custody and before the administration of *Miranda* warnings, and his later statements made after such warnings occurred without any significant break in the interrogation.

The hearing court's conclusion that defendant voluntarily accompanied the police to the precinct, and that the initial questioning of defendant was not coercive and did not constitute custodial interrogation, are amply supported by the record. Defendant willingly accompanied the detectives to the precinct, was never physically restrained, had freedom of movement in the precinct, and according to the detectives, he was not a suspect (*People v Walker*, 181 AD2d 636, 636-637, *lv denied* 79 NY2d 1055). Thus, far from being isolated, confined or confronted by numerous imposing police officers, defendant found himself in a nonthreatening environment, "being questioned in an investigatory, rather than an accusatory, manner, in which a reasonable person would not have believed himself to be in custody" (*supra*, at 637). Once the detective questioning defendant noted that there were inconsistencies in his story, questioning ceased until he administered *Miranda* warnings to defendant. Since the first statements were clearly admissible, a written statement made subsequent to the warnings, and a videotaped statement taken after renewed *Miranda* warnings and a five and half hour break in the questioning were admissible as well (*supra*). Concur—Sullivan, J. P., Ellerin, Asch, Nardelli and Williams, JJ.