■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY B. STOVALL, JR., Appellant. [709 NYS2d 316] —Judgment unanimously affirmed. Memorandum: Defendant contends that the verdict convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and acquitting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) is repugnant. We disagree. A verdict is repugnant "only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039). County Court charged the jury that criminal possession of a controlled substance in the third degree requires knowing and unlawful possession with the intent to sell, while criminal sale of a controlled substance in the third degree requires a knowing and unlawful sale. Because possession and intent to sell are not necessary elements of criminal sale of a controlled substance in the third degree, defendant's acquittal on the possession count is not conclusive with respect to a necessary element of the sale count (*see generally, People v White*, 172 AD2d 790; *People v Gonzalez*, 156 AD2d 711). (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.