■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RIVERS, Appellant. [723 NYS2d 14] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered September 24, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of $7^{1}/_{2}$ to 15 years, 3 to 6 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion in granting the People's motion to preclude defendant from testifying that, at the time of the incident, his state of mind had been affected by his use of interferon, a medication prescribed to him for liver trouble. Specifically, defendant wished to testify that the interferon rendered him unaware of what he was doing at the time of the crime. It is undisputed that defendant never served any written CPL 250.10 notice; the only pretrial notice established by the record is an oral notice provided shortly before trial. Thus, defendant never gave timely notice of intent to proffer psychiatric evidence (CPL 250.10).

Defendant argues that, regardless of the untimeliness of his notice, CPL 250.10 does not apply because he only intended to offer evidence as to his state of mind. However, defendant did in fact testify as to his state of mind; he was only precluded from testifying that interferon affected his mental condition. Such testimony clearly would have fallen within the purview of the statute, because it is the type of evidence that the People should have had an advance opportunity to counter by obtaining the services of a psychopharmacologist or other expert, as well as a court-ordered examination of defendant (*see, People v Almonor*, 93 NY2d 571; *People v Berk*, 88 NY2d 257, 261-265, *cert denied* 519 US 859).

Likewise, we reject defendant's argument that the proffered testimony constituted evidence of "intoxication * * * relevant to negative an element of the crime charged" (Penal Law § 15.25). Any intoxication claim would have depended on the assumption that interferon produced "intoxication" by affecting defendant's mental condition. Therefore, such a claim would have come under CPL 250.10 for the same reasons as previously stated.

We also reject defendant's argument that the People were on "constructive notice" of defendant's proposed testimony long before defense counsel gave oral notice. Aside from the fact that the statute clearly requires timely written notice, there is nothing in the information available to the People that would have suggested that defendant intended to assert a defense based on his use of interferon.

Although the statute provides for late filing of notice in the interest of justice for good cause shown (CPL 250.10 [2]), the interest of justice would not have been served under the circumstances. The People would have been prejudiced because the psychiatrists who assessed defendant's competency to stand trial never evaluated his specific claim that the medication altered his mind to such a degree so as to affect his criminal liability. Consequently, there was no available medical evidence to support or refute defendant's claims, and to have required the People, on the eve of trial, to obtain an expert and an examination of defendant would have defeated the purpose behind CPL 250.10.

Additionally, defendant has not demonstrated good cause for his failure to give timely notice. The record reflects that defendant had ample time to serve a notice of his intention to present psychiatric evidence. Defendant has never presented a reason for failing to serve notice, other than that he would not authorize a psychiatric examination on the issue of intent. Clearly, defendant's wishes did not outweigh the resultant prejudice to the People from the belated notice.

To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find, for the foregoing reasons, that there was no violation of defendant's right to present a defense (*compare, Ronson v Commissioner of Correction of State of New York*, 604 F2d 176). Moreover, there is no reason to believe that the proffered evidence would have created a reasonable doubt as to defendant's guilt. There was overwhelming evidence of homicidal intent, including multiple stab wounds and explicit expressions of

intent to kill the victim. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.