■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN WILLIAMS, Appellant. [722 NYS2d 387] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered September 23, 1998, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the fourth degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life concurrent with two terms of 1 year, unanimously affirmed.

The court properly exercised its discretion in denying defense counsel's application for a new competency examination for his client, who had recently been found competent by three psychiatrists including a defense psychiatrist (see, People v Morgan, 87 NY2d 878; People v Rivera, 241 AD2d 301, lv denied 91 NY2d 836). The court properly relied on its own observations of defendant and properly concluded that the strange behavior cited by counsel as the basis for requesting a new examination was a continuation of defendant's established pattern of feigning mental illness.

During trial, the court directed a court officer to advise the jurors about sequestration. Delegation of this minor ministerial matter did not constitute an improper delegation of judicial authority and did not require defendant's presence (see, People v Bonaparte, 78 NY2d 26, 30-31). The record sufficiently establishes that the court officer's communications with the jury did not involve any substantive instructions (see, People v Crespo, 267 AD2d 36, lv denied 94 NY2d 878; People v Sarasti, 228 AD2d 624, lv denied 88 NY2d 994).

We perceive no basis for reduction of sentence. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.