■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE ELEBY, Appellant. [733 NYS2d 7] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered March 4, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in precluding cross-examination of the undercover officer as to whether she had discussed the agency defense with the prosecutor in trial preparation, since defendant presented no good faith basis for such a line of inquiry (*see, People v George*, 197 AD2d 588, *lv denied* 82 NY2d 925). Moreover, the inquiry was premature since, at that point in the trial, defendant had not asserted an agency defense and no evidence supported such a defense. After defendant testified in support of his agency defense, the undercover officer was recalled as a rebuttal witness, but defendant made no effort to renew the inquiry at issue. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would find that defendant was not deprived of his right to confront witnesses and present a defense (*see, Delaware v Van Arsdall*, 475 US 673, 678-679).

Defendant's contentions with regard to the prosecutor's summation and the court's agency charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the prosecutor's remarks and the court's charge concerning the agency defense were appropriate given the evidence (*see, People v Job*, 87 NY2d 956; *People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935), and that defendant was not entitled to an expanded agency charge pursuant to *People v Andujas* (79 NY2d 113). Finally, after reviewing the record, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.