■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ALICEA, Appellant. [734 NYS2d 525] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The conviction arises from two controlled purchases of cocaine by a confidential informant. The informant, defendant's friend, offered to assist police after his vehicle was stopped by police and cocaine was recovered. He purchased cocaine from defendant on two occasions, and one of those transactions was tape-recorded. Defendant failed to preserve for our review his contention that County Court erred in admitting the audiotape of that transaction in evidence, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in permitting the prosecution to cross-examine him with respect to a prior drug-related conviction if he raised the defense of entrapment. In any event, that contention is without merit (*see, People v Palumbo,* 258 AD2d 963, *lv denied* 93 NY2d 901). With respect to the court's remaining *Sandoval* rulings, we conclude that the court did not abuse its discretion in determining that defendant could be questioned with respect to prior convictions because those convictions demonstrated that defendant placed his own interests above society's interests (*see, People v Brown,* 226 AD2d 1108, 1109, *lv denied* 88 NY2d 964; *see generally, People v Walker,* 83 NY2d 455, 459).

We further conclude that the court did not abuse its discretion in permitting the confidential informant to testify that he had purchased cocaine from defendant many times in the past

and in permitting an investigator to testify regarding his surveillance of defendant. The court properly balanced the probative value of that testimony in light of defendant's entrapment defense against its prejudicial effect (*see, People v Ortiz,* 259 AD2d 979, 980, *lv denied* 93 NY2d 1024; *see also, People v Ingram,* 71 NY2d 474, 479-481; *People v Calvano,* 30 NY2d 199, 205-206). Contrary to defendant's contention, when viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), the evidence is legally sufficient to support the verdict (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that the verdict is repugnant because he was acquitted of criminal sale of a controlled substance in the third degree with respect to an alleged transaction on November 5, 1998 but was convicted of criminal possession of a controlled substance in the third degree with respect to that same date. Defendant failed to preserve that contention for our review (*see,* CPL 470.05 [2]) and, in any event, it is without merit (*see, People v Stovall,* 273 AD2d 915, *lv denied* 95 NY2d 908; *People v Laboy,* 254 AD2d 80, 80-81, *lv denied* 94 NY2d 825; *see generally, People v Loughlin,* 76 NY2d 804, 806).

Upon our review of the record, we conclude that defendant received effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708, 712-714). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Wayne County Court, Kehoe, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.