■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEWIS, Appellant. [758 NYS2d 1] —Judgment, Supreme Court, New York County (Micki Scherer, J., at competency hearing; Joan Sudolnik, J., at suppression hearing, jury trial and sentence), rendered June 21, 1999, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Defendant's action in grabbing a bulge at his waistband coupled with his statement to the victim that "If you're not going to give me the money, then I'll have to do something about it," conveyed that he was reaching for an object that the victim could reasonably believe to be a firearm (*see People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Baskerville*, 60 NY2d 374, 381 [1983]; *People v Taylor*, 203 AD2d 77 [1994], *lv denied* 83 NY2d 915 [1994]). Furthermore, the victim gave credible testimony that he actually believed defendant had a firearm and that he had no choice but to submit to defendant's seizure of his property. Accordingly, the element of display of what appeared to be a firearm was established beyond a reasonable doubt.

The court properly exercised its discretion in denying defendant's application for the drastic and inappropriate remedies of a mistrial and/or dismissal, the only remedies requested (*see People v Rice*, 75 NY2d 929, 932 [1990]; *see also People v Young*, 48 NY2d 995 [1980]) for a discrepancy between testimony adduced at the suppression hearing and trial. Defendant did not ask for reopening of the suppression hearing, and his application for other remedies did not obligate the court to reopen the hearing sua sponte (*see* CPL 710.40 [4]; *People v Freeman*, 253 AD2d 692 [1998], *lv denied* 92 NY2d 982 [1998]). In any event, the officer's trial testimony was not materially inconsistent with his hearing testimony and would not have changed the result of the suppression hearing.

Defendant was properly found to be competent to stand trial. The competency hearing court fully complied with the requirements of CPL article 730 (*see People v Gensler*, 72 NY2d 239, 244 [1988], *cert denied* 488 US 932 [1988]). After psychiatric examinations of defendant in accordance with the statute, a hearing was held at which both defendant and the prosecution presented expert testimony. Contrary to defendant's contention, he was not entitled to a new examination, particularly since there was no basis to conclude that his condition had changed in the four months since he had been examined (*see People v Rogers*, 163 AD2d 337 [1990], *lv denied* 76 NY2d 943 [1990]; *People v Konits*, 159 AD2d 590, 591 [1990], *lv denied* 76 NY2d 738 [1990], *cert denied* 498 US 939 [1990]). In making its determination the court properly relied upon all the relevant evidence, including a court-appointed clinical social worker's report, which supplemented the mandatory psychiatric reports (*see People v Gensler*, 72 NY2d at 244; *People v*

*Pena,* 251 AD2d 26, 31-32 [1998], *lv denied* 92 NY2d 929 [1998]).

Defendant was not deprived of his constitutional right to present a defense. Since defendant's notice of intent to present a psychiatric defense was untimely, and since he did not establish good cause for late service of notice, he was not entitled to introduce such evidence (*see* CPL 250.10 [2]; *People v Almonor,* 93 NY2d 571, 581 [1999]; *People v Berk,* 88 NY2d 257, 265-266 [1996]). However, before precluding such evidence, the trial court determined, on the basis of the extensive psychiatric information before it, including the conclusions of an independent forensic psychiatrist, that defendant had no viable psychiatric defense and that no such defense was supported by any evidence (*compare Ronson v Commissioner of Correction,* 604 F2d 176, 179 [1979]). The court also properly precluded defendant from offering evidence of his mental condition in the past since this evidence was not probative of his condition at the time of the crime.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.