[802 NE2d 1083, 770 NYS2d 685]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIAN JING HUANG, Appellant.

Argued October 15, 2003; decided November 24, 2003

### APPEARANCES OF COUNSEL

*Office of the Appellate Defender*, New York City (*Daniel A. Warshawsky* and *Richard M. Greenberg* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Morrie I. Kleinbart* and *Mary C. Farrington* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and the case remitted to that Court, with directions to dismiss the appeal taken to that Court.

Arguing a misapprehension of his immigration status based on information provided by his attorney, defendant moved to withdraw his plea of guilty, after sentence had been pronounced in open court. In the alternative, he moved to vacate his plea under CPL 440.10 (1). Without describing the steps that are involved or what constitutes the entry of judgment, both parties concede that judgment had not been entered. Trial court treated the motion as a CPL 220.60 (3) application and granted it, giving defendant back his plea. "In the alternative," the court also granted the CPL 440.10 motion.

The People appealed, contending that because sentence had been imposed, Supreme Court lacked the authority to treat defendant's motion to withdraw his plea as a CPL 220.60 application, and, further, that relief pursuant to CPL 440.10 was unavailable because judgment had not been entered. Without deciding the specific procedural posture of the case, the Appellate Division rejected defendant's ineffective assistance claim on the merits.

In appealing trial court's determination—whether properly made under CPL 220.60 (3), or, alternatively, not expressly authorized by the CPL—the People sought review of a nonappealable order. As the parties agree, moreover, judgment had not been entered, and thus no appeal could lie from the "alternative" CPL 440.10 ruling. Accordingly, the Appellate Division had no jurisdiction to entertain the People's appeal (*see* CPL 450.20).

Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo and Read concur in memorandum.

Order reversed, etc.