■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant. [772 NYS2d 143]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 30, 1995. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him to an indeterminate term of incarceration of 25 years to life. The instant judgment arises out of a shooting that took place in November 1990 and follows a retrial conducted in 1995 after the initial judgment of conviction was reversed on appeal in 1993 (*People v Brown*, 195 AD2d 1055 [1993], *lv denied* 82 NY2d 848) [1993].

Contrary to defendant's contention, Supreme Court properly determined, based on the evidence adduced at the CPL article

730 hearing conducted between the first and second trials, that defendant was competent to stand trial, notwithstanding the claim that he suffers from a multiple personality disorder. The opinions of the court-appointed psychiatric experts, in conjunction with the testimony concerning defendant's demeanor during the psychiatric interviews and the court's own opportunity to observe defendant during the judicial proceedings, supports the court's conclusion that defendant had a " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . a rational as well as factual understanding of the proceedings against him' (*Dusky v United States,* 362 US 402, 402 [1960]; *see also* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 730.10 at 442)" (*People v Mendez,* 1 NY3d 15, 19 [2003]). In view of the foregoing, we further conclude that the court did not abuse its discretion in denying defendant's eve-of-retrial request for a further round of competency proceedings and a new evaluation of defendant's competency to stand trial (*see People v Mendez,* 306 AD2d 143 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Bastien,* 295 AD2d 165 [2002], *lv denied* 99 NY2d 533 [2002]; *People v Williams,* 282 AD2d 224 [2001], *lv denied* 96 NY2d 869 [2001]; *see generally People v Tortorici,* 92 NY2d 757, 766-769 [1999], *cert denied* 528 US 834 [1999]).

Contrary to defendant's further contention, the court did not err in refusing to allow defendant to present a psychological expert to "rehabilitate" the credibility of defendant after he had taken the stand in his own defense. In his testimony at the retrial, defendant claimed justification for his shooting of the victim while denying having made certain postarrest statements to police and having given certain testimony at the first trial in which he similarly had claimed self-defense. In his testimony at the retrial, defendant attributed such statements and former testimony to two of his numerous alleged "alter" personalities. The defense thus sought to present the testimony of the expert in order to establish that defendant suffered from a multiple personality disorder, which according to the defense would explain (but not buttress) defendant's mistaken testimony at the retrial to the effect that defendant had not made the prior statements or given the former testimony in question.

The court properly determined that the proposed psychiatric evidence falls within the provisions of CPL 250.10 requiring notice of intent. Pursuant to CPL 250.10 (2), "[p]sychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence . . . before trial and

not more than thirty days after entry of the plea of not guilty to the indictment. In the interest of justice and for good cause shown, however, the court may permit such service and filing to be made at any later time prior to the close of the evidence." CPL 250.10 (1) defines "psychiatric evidence" to mean evidence of mental disease or defect to be offered by the defendant in connection with "(a) . . . the affirmative defense of lack of criminal responsibility by reason of mental disease or defect"; "(b) . . . the affirmative defense of extreme emotional disturbance"; or "(c) . . . any other defense not specified in the preceding paragraphs." "[T]he notice requirement is not limited to evidence regarding defenses specified in the Penal Law. [Rather, i]t includes any psychiatric evidence proposed in support of any condition bearing upon defendant's mental state, irrespective of whether that concerns something statutorily denominated as a defense" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 250.10, at 111, citing *People v Berk*, 88 NY2d 257, 263-264 [1996], *cert denied* 519 US 859 [1996]; *People v Segal,* 54 NY2d 58, 65-66, [1981] and *People v Rossi,* 163 AD2d 660 [1990], *lv denied* 76 NY2d 943 [1990]). Thus, the court properly concluded that the evidence in question falls under CPL 250.10 (1) (c) (*cf. People v Romano,* 301 AD2d 666, 667 [2003], *lv denied* 100 NY2d 542 [2003]) and properly enforced the statute against defendant in the first instance.

We further conclude that the court did not abuse its discretion in rejecting defendant's attempt to serve a late CPL 250.10 notice during the retrial (*see People v Yates,* 290 AD2d 888, 890-891 [2002]; *People v Ayala,* 278 AD2d 123, 124 [2000], *lv denied* 96 NY2d 780 [2001]). Defendant did not demonstrate good cause for his failure to serve a timely notice, nor is this a case in which the interest of justice compelled the court to allow him to serve a belated notice (*see* CPL 250.10 [2]). "In order to establish good cause, a defendant must provide[, inter alia,] an explanation for the delay" (*People v Rizzo,* 267 AD2d 1041, 1042 [1999], *lv denied* 95 NY2d 838 [2000]). During a court appearance only nine days before the retrial, while requesting a second round of proceedings pursuant to CPL article 730, defense counsel expressly declined to serve a late CPL 250.10 notice and simultaneously disclaimed any intent to offer psychiatric evidence at trial, stating that his client repeatedly had forbidden him to serve a CPL 250.10 notice. Defendant has never offered a reason for failing to serve such a notice, "other than that he would not authorize" his counsel to do so (*People v Rivers,* 281 AD2d 348, 349 [2001], *lv denied* 96 NY2d 923 [2001]). "Clearly, defendant's wishes did not outweigh the resultant prejudice to the People from the belated notice" (*id.*). In ruling as it did, the

court properly weighed the relevant factors, including the prejudice to the People's interests at that late stage of the proceedings. We do not take issue with the contention that trial counsel was bound by defendant's prior instructions not to serve the statutory notice. We conclude, however, that defendant cannot now avoid the consequences of his procedural stance.

To the extent that defendant's contention on appeal may be read as asserting a violation of the constitutional right to present a defense, that contention is unpreserved for our review (*see People v Triplett*, 305 AD2d 230, 231 [2003]; *Rivers*, 281 AD2d at 349). In any event, that contention is without merit (*see Triplett*, 305 AD2d at 231; *Rivers*, 281 AD2d at 349). Under the circumstances of this case, including the willful refusal of defendant to abide by his statutory obligation to serve notice and the prejudice to the People that would have resulted from permitting late notice, we conclude that there was no violation of defendant's right to present a defense (*see Rivers*, 281 AD2d at 349; *see also Berk*, 88 NY2d at 265-266; *People v Lewis*, 302 AD2d 322, 324 [2003], *lv denied* 100 NY2d 540 [2003]).

Even assuming, arguendo, that the court erred in enforcing CPL 250.10 and in refusing to admit the testimony of defendant's expert, we conclude that any error is harmless (*see Rivers*, 281 AD2d at 349-350). The proffered expert testimony was not directly related to the claim of self-defense advanced in defendant's prior statements, former testimony, and testimony at the retrial. Moreover, the People presented overwhelming evidence of defendant's homicidal intent and lack of justification, including proof that the knife brandished by the victim was unopened, that defendant had withdrawn from his initial dispute with the victim in order to retrieve a rifle from his car, that defendant had avenues of retreat of which he could have availed himself after arming himself and again confronting the victim, and that defendant shot the victim six times, including in the head.

Defendant was not denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). We have reviewed the remaining contentions raised in the main and pro se supplemental briefs, and we conclude that those contentions are without merit. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.