◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHIE RIVERA, Appellant. [776 NYS2d 565]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 8, 2000, convicting defendant, after a jury trial, of murder in the first degree, murder in the second degree (two counts) and robbery in the first degree, and sentencing him to concurrent terms of life without parole, 25 years to life, 25 years to life and 25 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing record establishes that each of defendant's statements was voluntary, and that none were subject to suppression pursuant to *Miranda v Arizona* (384 US 436 [1966]). The initial interrogation was not custodial and thus did not require *Miranda* warnings (*see Thompson v Keohane*, 516 US 99, 112 [1995]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant willingly accompanied the detectives to the precinct, was expressly told he was not under arrest, was neither handcuffed nor placed in a cell, was left alone and unsupervised in an interview room, and was interviewed in a nonaccusatory manner (*see e.g. People v Collazo*, 216 AD2d 98 [1995], *lv denied* 86 NY2d 780 [1995]). Under the totality of these circumstances, the fact that a detective confronted defendant with purportedly incriminating evidence was not enough to transform the interview into a custodial interrogation (*see Matter of Kwok T.*, 43 NY2d 213, 219-220 [1977]; *People v Rivera*, 4 AD3d 131 [2004]). Once defendant acknowledged his presence at the time the victim was killed, the police promptly administered *Miranda* warnings before defendant made his first written statement. Even if we were to find this initial statement to be inadmissible, we would find that defendant's second written statement and his videotaped confession were sufficiently attenuated from the original statement to be admissible (*see e.g.*

*People v Dunkley*, 200 AD2d 499 [1994], *lv denied* 83 NY2d 871 [1994]). Moreover, there is no suggestion of a police scheme to deliberately withhold *Miranda* warnings in order to obtain an initial statement that would lead to a post-*Miranda* statement.

The court properly ruled on the applications made by both the People and defendant pursuant to *Batson v Kentucky* (476 US 79 [1986]). In each instance, the record supports the court's findings as to pretextuality. Such findings require the trial court to assess the credibility of the explanations given, and are entitled to great deference on appeal (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

Defendant's claim regarding the court's denial of his challenge for cause of a prospective alternate juror is moot because no alternate jurors participated in the deliberations (*see People v White*, 297 AD2d 587 [2002], *lv denied* 99 NY2d 565 [2002]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.