■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LITTLE, Appellant. [809 NYS2d 312]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 14, 2003. The judgment convicted defendant, upon a jury verdict, of criminal sale of a

controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). The contention of defendant that he was denied his constitutional right to present a defense is not preserved for our review (*see People v Brown*, 4 AD3d 886, 889 [2004], *lv denied* 3 NY3d 637 [2004]). In any event, that contention is without merit because defendant failed to provide the requisite notice of intent to offer psychiatric evidence pursuant to CPL 250.10 (2) (*see Brown*, 4 AD3d at 889; *People v Rivers*, 281 AD2d 348, 348-349 [2001], *lv denied* 96 NY2d 923 [2001]). Insofar as defendant contends that he was not required to comply with CPL 250.10, that contention is also without merit. The evidence of defendant's psychiatric history and low intelligence that defendant sought to introduce constitutes "psychiatric evidence" within the meaning of CPL 250.10 (1) (*see Brown*, 4 AD3d at 887-888; *People v Sian Mai*, 175 AD2d 692 [1991], *lv denied* 78 NY2d 1081 [1991]; *People v Oakes*, 168 AD2d 893 [1990], *lv denied* 78 NY2d 957 [1991]).

Defendant's contention concerning the alleged legal insufficiency of the evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the evidence is legally sufficient to disprove the agency defense beyond a reasonable doubt (*see People v Brown*, 13 AD3d 163 [2004], *lv denied* 4 NY3d 828 [2005]; *People v Watkins*, 284 AD2d 905, 906 [2001], *lv denied* 96 NY2d 943 [2001]), and we further conclude that the verdict is not against the weight of the evidence with respect to the jury's rejection of the agency defense (*see Brown*, 13 AD3d 163 [2004]; *Watkins*, 284 AD2d at 906). We reject the further contention of defendant that County Court erred in denying his *Batson* objection. The prosecutor gave a race-neutral and gender-neutral explanation for his use of a peremptory challenge with respect to a black female prospective juror, i.e., the prospective juror stated that she did not know if she could put aside her formal training in criminal justice while deliberating, and defendant failed to meet his burden of establishing that the prosecutor's explanation was pretextual (*see People v McCauley*, 19 AD3d 1130 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Harris*, 1 AD3d 881 [2003], *lv denied* 2 NY3d 740 [2004]).

Although defendant contends that the court's *Sandoval* ruling constitutes an abuse of discretion, he objected to the court's ultimate *Sandoval* ruling only with respect to the ruling on a misdemeanor sexual abuse conviction, and thus only that part of his contention is preserved for our review (*see People v Brown*, 16 AD3d 1102 [2005], *lv denied* 5 NY3d 760 [2005]). In any event, the court's *Sandoval* ruling in its entirety "balanced the appropriate factors and was a proper exercise of discretion" (*People v McAllister*, 245 AD2d 184, 184 [1997], *lv denied* 91 NY2d 894 [1998]). Finally, contrary to the contentions of defendant in his pro se supplemental brief, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the verdict convicting him of criminal sale of a controlled substance in the third degree but acquitting him of criminal possession of a controlled substance in the third degree is not repugnant (*see People v Stovall*, 273 AD2d 915 [2000], *lv denied* 95 NY2d 908 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.