■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAS UMALI, Appellant. [830 NYS2d 51]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 16, 2005, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 17 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The People disproved defendant's justification defense beyond a reasonable doubt. Although defendant claimed he stabbed the victim in defense of a friend whom the victim was choking, there was conflicting evidence as to the victim's conduct in relation to defendant's friend, and there is no basis for disturbing the jury's determinations concerning credibility. We note that shortly after the incident, defendant admitted to other persons that he had lacked a good reason for the stabbing, and he never mentioned that he had committed it to rescue his friend. Furthermore, the friend in question, who was originally arrested for the stabbing on the night of the incident, did not tell the police that he had been severely choked or nearly strangled. Moreover, the witnesses who supported defendant's position were his friends, a number of whom had demonstrated their willingness to lie for defendant by engaging in acts that led to their guilty pleas, prior to defendant's trial, to hindering prosecution. In addition, the only apparently neutral witness supported the People's position.

The court properly precluded defendant from introducing expert testimony on posttraumatic stress disorder to explain why his inculpatory statements to his friends after the stabbing were inaccurate or unreliable. Defendant failed to give the prosecution any CPL 250.10 notice, which was required (*see People v Berk*, 88 NY2d 257, 261-266 [1996], *cert denied* 519 US 859 [1996]). The evidence was offered to rebut the People's evidence that defendant's actions were not justified, and so it was offered "in connection with" the justification defense (*see People v Brown*, 4 AD3d 886, 888 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Yates*, 290 AD2d 888, 890-891 [2002]). The record fully supports the court's express finding, to which it correctly adhered after receiving defendant's written submissions, that defendant sought a strategic advantage by purposefully failing to give notice. Accordingly, defendant did not show good cause for the lack of notice (CPL 250.10 [2]), and the remedy of preclusion was also permissible under the federal standard (*see Taylor v Illinois*, 484 US 400, 414-415 [1988]; *Noble v Kelly*, 246 F3d 93 [2d Cir 2001], *cert denied* 534 US 886 [2001]; *People v Walker*, 294 AD2d 218 [2002], *lv denied* 98 NY2d 772 [2002]).

After the People impeached the friend whom defendant was

allegedly defending with the friend's prior inconsistent statement to the police, defendant attempted to rehabilitate him by introducing the testimony of the friend's counsel regarding an alleged prior consistent statement about being severely choked by the victim. The court properly precluded the attorney's testimony because the People had not argued or implied that the friend's testimony about being choked was a recent fabrication. "The implication that the testimony was recently fabricated arises only if it appears that the cross-examiner believes and wants the jury to believe that the witness is testifying falsely to 'meet the exigencies of the case' " (*People v Seit*, 86 NY2d 92, 96 [1995], quoting *People v Katz*, 209 NY 311, 340 [1913]; *see also People v Singer*, 300 NY 120, 124 [1949]). Here, it was the People's position that the friend's motive to falsely exaggerate the victim's use of force existed from the night of the incident, as the friend had originally been arrested for the stabbing. In any event, through his own testimony, defendant was able to inform the jury of the gist of his prior consistent statement.

The court incorrectly precluded defendant from calling his investigator to testify to a prosecution witness's bias against him, since this evidence was not collateral (*see People v Chin*, 67 NY2d 22, 28-29 [1986]). Nevertheless, the error was harmless because defendant established this witness's bias by means of other evidence (*see generally People v Corby*, 6 NY3d 231, 235-236 [2005]), and because this witness played a minor role in the prosecution's case.

Defendant did not preserve his constitutional arguments regarding the court's exclusion of the prior consistent statement and the evidence of bias, and we decline to review them in the interest of justice. Were we to review these claims, we would find that neither ruling impaired defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

While the court's charge regarding the subjective element of the justification defense could be interpreted, in isolation, as placing the burden of proof on defendant, we find that the charge taken as a whole, which repeatedly instructed the jury that the People bore the burden of disproving the defense of justification, conveyed the correct standard (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Coleman*, 70 NY2d 817 [1987]). Given this repetition of the proper burden of proof, there is no reasonable possibility that the court's isolated misstatement could have misled the jury into believing that the burden was different as to one element of the justification defense. Any error in this regard was harmless given the

overwhelming evidence of defendant's guilt (*People v Jones*, 3 NY3d 491, 497 [2004]).

The court properly granted the People's *Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding of pretext with regard to the jurors at issue, and there is no basis for disturbing the court's determination (*see People v Hernandez*, 75 NY2d 350, 356-357 [1990], *affd* 500 US 352 [1991]).

When defendant's testimony was interrupted by a recess of several days, the court improperly instructed counsel not to confer with defendant about his testimony (*see People v Joseph*, 84 NY2d 995 [1994]). However, the court cured the error when it rescinded the order, leaving counsel with ample time in which to confer with defendant prior to the resumption of the trial. "It is clear that the critical factor in determining whether a violation of the right to counsel occurred here is the length of time dividing the defendant's access to counsel contemplated by the trial court's ruling" (*id.* at 998).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including his additional challenges to the court's charge and to its conduct of the trial. Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.