■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSUE ORTIZ, Appellant. [848 NYS2d 474]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 16, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of manslaughter in the first degree (Penal Law § 125.20 [1]). We note at the outset that the plea proceedings and sentencing were conducted by County Court and that the hearings that preceded the plea were conducted by Supreme Court (Joseph S. Forma, J.).

We conclude that the evidence presented at the competency hearing conducted by Supreme Court pursuant to CPL 730.30 supports the court's determination that defendant was at that time fit to proceed (*see People v Brown*, 4 AD3d 886, 886-887 [2004], *lv denied* 3 NY3d 637 [2004]; *see also People v Mendez*, 1 NY3d 15, 20 [2003]). Contrary to defendant's contention, the court complied with the requirements of CPL 730.30 and was not required to order additional competency examinations. Nothing in the record suggests that defendant's condition deteriorated between the time of the psychiatric examinations and the time of the competency hearing (*see People v Lewis*, 302 AD2d 322, 323 [2003], *lv denied* 100 NY2d 540 [2003]) and, contrary to defendant's contention, the court did not fail to comply with CPL article 730 when it made an informal request for an update of defendant's condition from defendant's treating psychiatrist (*see People v Conforti*, 263 AD2d 513 [1999], *lv denied* 94 NY2d 878 [2000]; *People v Sims*, 217 AD2d 912 [1995], *lv denied* 87 NY2d 851 [1995]).

We agree with defendant that his waiver of the right to appeal is invalid because County Court, in conducting the plea

proceedings, did not "engage [him] in an adequate colloquy to ensure that the waiver . . . was a knowing and voluntary choice" (*People v Kemp*, 255 AD2d 397, 397 [1998]). Thus, the contention of defendant that Supreme Court erred in refusing to suppress his statements to the police is properly before us (*cf. People v Kemp*, 94 NY2d 831, 833 [1999]). Nevertheless, we reject that contention. The record of the *Huntley* hearing supports the court's conclusions that defendant was not in custody before he made incriminatory statements (*see People v Flores*, 23 AD3d 194, 195 [2005], *lv denied* 6 NY3d 775 [2006]; *People v Rivera*, 4 AD3d 131 [2004], *lv denied* 2 NY3d 805 [2004]), *Miranda* warnings were properly given after such statements were made, and defendant validly waived his rights before making further statements (*see People v Zeigler*, 299 AD2d 910, 911 [2002], *lv denied* 99 NY2d 586 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.