■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER THOMAS, Appellant. [848 NYS2d 647]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 26, 2001, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 2 to 4 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Although the court properly relieved defendant's retained counsel, over defendant's objection, after making findings on the record detailing counsel's pattern of prolonged unavailability for trial due to other engagements and illness (*see People v Bracy*, 261 AD2d 180 [1999], *lv denied* 93 NY2d 966 [1999]; *compare People v Espinal*, 10 AD3d 326 [2004], *lv denied* 3 NY3d 740 [2004]), it erred in immediately replacing retained counsel with assigned counsel chosen by the court over defendant's objection, instead of providing defendant with a reasonable opportunity to retain new counsel (*see People v Arroyave*, 49 NY2d 264, 270-271 [1980]; *see also United States v Gonzalez-Lopez*, 548 US —, 126 S Ct 2557 [2006]). Defendant specifically stated that if the court insisted he change attorneys, he wanted to hire a new lawyer of his choice rather than accepting the lawyer chosen by the court. This was a timely and unequivocal request, and there is no indication that a substitution of a new retained attorney would have caused any unreasonable delay. Accordingly, we conclude that defendant was deprived of his right to retain counsel of his choice.

Defendant is entitled to a new trial for the additional reason that the court improvidently exercised its discretion in denying assigned counsel's request for a new CPL article 730 examination. A new examination is not required where there is no basis to conclude that a defendant's condition has changed since he was last examined (*see People v Lewis*, 302 AD2d 322 [2003], *lv denied* 100 NY2d 540 [2003]). Here, defendant had not been examined for over a year after being found competent, a determination that had followed an initial determination that he was incompetent. Counsel advised the court that his client was exhibiting signs of incompetency, and the court's extensive colloquy with defendant revealed strong indications that a new psychiatric examination was necessary.

This disposition renders defendant's other argument academic. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.