■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER THOMAS, Appellant. [975 NYS2d 394]—

Judgment, Supreme Court, New York County (James A. Yates, J., at charge reinstatement; Ruth Pickholz, J., at retrial and sentencing), rendered October 2, 2009, as amended December 18, 2009 and January 4, 2010, convicting defendant, after a jury trial, of attempted rape in the first degree and assault in the second degree, and sentencing him to concurrent terms of 4 to 8 years and 1½ to 3 years, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was indicted for attempted rape in the first degree and assault in the second degree. At his first trial, the jury found him guilty on the assault charge and deadlocked on the attempted rape charge. At sentencing, the court orally pronounced a sentence of 2 to 4 years on the assault charge and immediately dismissed the attempted rape charge upon the People's motion. Defendant then successfully appealed from his conviction on the assault charge, and this Court remanded for a new trial (47 AD3d 415 [1st Dept 2008], *lv denied* 10 NY3d 772 [2008]).

Upon remand, Supreme Court properly determined that the People were permitted to reprosecute the attempted rape charge, because that count of the indictment was deemed reinstated pursuant to CPL 470.55 (1). Although the statute provides that a count is not deemed reinstated if it was dismissed on a "post-judgment order" (CPL 470.55 [1] [b]), the dismissal of the attempted rape charge occurred between the oral imposition of *sentence* and the entry of *judgment* (*see People v Jian Jing Huang*, 1 NY3d 532 [2003]). There is nothing in the record to indicate that, before dismissing the count at issue, the

court had done anything that could be construed as entry of a judgment. Since a judgment "is comprised of a conviction and the sentence imposed thereon and is completed by imposition and *entry* of the sentence" (CPL 1.20 [15] [emphasis added]), "post-judgment" can only mean after entry.

Double jeopardy concerns did not bar retrying defendant on the attempted rape count. The first jury never returned any verdict on that count. Furthermore, defendant had no legitimate expectation that the dismissal of that count was final and irrevocable (*see People v Williams*, 14 NY3d 198, 214 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). As noted, the statute provides that a reversal granting a new trial would automatically reinstate any counts dismissed under the circumstances presented here. Moreover, the record establishes that when the People moved to dismiss, they were engaging in the common practice of dismissing a charge as sufficiently covered by a conviction on another charge, an exercise of prosecutorial discretion that was frustrated by the reversal of the conviction. Defendant had no legitimate expectation that in the event of a reversal he would receive the windfall of having the dismissed charge stay dismissed.

Defendant did not preserve his claims that reinstatement of the charge violated due process concerns, or his claims that his statutory and constitutional speedy trial rights were violated, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

At the retrial, defendant's motion for a trial order of dismissal did not include a claim that the shoe he used to beat the victim was not proven to be a "dangerous instrument," and his request for submission of third-degree assault as a lesser included offense did not include a claim that there was a corresponding reasonable view of the evidence regarding that issue. Accordingly, his present arguments along those lines are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The men's dress shoe, used in a manner which rendered it readily capable of causing serious physical injury to the victim, was a dangerous instrument (*see People v Carter*, 53 NY2d 113, 116 [1981]), and there was no reasonable view of the evidence to the contrary.

Defendant did not preserve his challenges to the court's rulings on two issues relating to jurors, and we reject defendant's arguments regarding preservation of these issues. We decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that in each instance the court's ruling was a proper exercise of discretion.

The prosecutor's use of some leading questions in examination of the victim does not warrant reversal. In the instances where defendant objected to a question as leading and the court overruled the objection, the court acted within its discretion in allowing the question. Defendant's remaining challenges to allegedly leading questions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the use of leading questions was not so egregious that it deprived defendant of a fair trial.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.