■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDY COELLO, Appellant. [10 NYS3d 87]—

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered November 14, 2012, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's request for a jury charge on the affirmative defense of extreme emotional disturbance. There was no reasonable view of the evidence, viewed most favorably to defendant, that he had established, by a preponderance of the evidence, either the subjective element of

the defense, that he "acted under the influence of an extreme emotional disturbance," or the objective element, "that there was a reasonable explanation or excuse for that disturbance" (*People v Roche*, 98 NY2d 70, 76 [2002]).

More than a month before the incident, defendant told the victim, his wife, that he could kill her and no one would care, indicating premeditation (*see People v Moronta*, 96 AD3d 418, 420 [1st Dept 2012], *lv denied* 20 NY3d 987 [2012]). Earlier on the night of the incident, the victim sent a number of text messages telling defendant, in rude language, that she was leaving him. However, the theory that defendant was extremely disturbed by those messages was negated by the text messages defendant sent in reply asking about dinner, as well as witnesses' observation of defendant's demeanor and conduct after receiving the messages. Even if defendant became angry or jealous upon seeing the messages, such emotions alone "are not equivalent to the loss of self-control generally associated with [the] defense" (*People v Walker*, 64 NY2d 741, 743 [1984]). We also note that defendant made methodical efforts at concealing his crime, likewise undermining his claim of loss of control (*see People v Acevedo*, 56 AD3d 341 [1st Dept 2008], *lv denied* 12 NY3d 813 [2009]).

Like the defendant in *People v McKenzie* (19 NY3d 463 [2012]), where the Court of Appeals held that the defense should have been submitted, defendant told others that he had "snapped" and "blacked out." However, in *McKenzie* there was far more evidence to support the defense. In any event, even if a reasonable jury could find that the subjective element was established by such statements and the surrounding circumstances, there was still no reasonable view to support the objective element. There was no evidence showing that defendant, who was amply shown to have been physically and psychologically abusive toward his wife, had a reasonable excuse for any extreme emotional disturbance.

Because defendant based his extreme emotional disturbance defense entirely on the People's evidence, he was not required to give CPL 250.10 notice (*see People v Gonzalez*, 22 NY3d 539 [2014]). However, the record does not support defendant's assertion that lack of notice was a basis for the court's denial of the charge request. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.