■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN CURRAN, Appellant. [32 NYS3d 309]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J., at trial; Berry, J., at sentence), rendered March 12, 2014, convicting him of attempted escape in the first degree (two counts) and assault in the second degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in precluding him from testifying in his own defense that the failure of the local jail to administer medication prescribed to

treat his panic and anxiety disorders caused him to be unable to breathe or engage in rational thought at the time of the subject incident. He asserts that such testimony would not have constituted a psychiatric defense and that, therefore, his failure to timely serve such notice pursuant to Criminal Procedure Law § 250.10 was not a bar to the proffered testimony. To the contrary, such evidence constituted psychiatric evidence (*see* CPL 250.10 [2]), since it tended to show a "mental infirmity not rising to the level of insanity" (*People v Diaz*, 15 NY3d 40, 46 [2010]). The court properly precluded the defendant from testifying with respect to the subject evidence, because it is the type of evidence that the People should have had an advance opportunity to counter by obtaining the services of a psychopharmacologist or other expert, as well as a court-ordered examination of the defendant pursuant to the provisions of CPL 250.10 (*see People v Rivers*, 281 AD2d 348, 348 [2001]). Moreover, we reject the defendant's claim that the People had "constructive notice" of the proposed testimony. Aside from the fact that the statute requires timely written notice, there is nothing in the information available to the People that would have suggested that the defendant intended to assert a defense based on an inability to breathe or to engage in rational thought (*see id.* at 349). Although the defendant is correct that the court had the discretion to consider a late notice pursuant to the statute, he failed to show any good cause so as to justify a late filing of notice (*see* CPL 250.10 [2]).

We also reject the defendant's argument that the secure holding area located in the rear of the Dutchess County Courthouse does not constitute a "detention facility," which determination would render his conviction of attempted escape in the first degree pursuant to Penal Law § 205.15 (1) legally infirm. A "detention facility" is defined in the Penal Law, in pertinent part, as "any place used for the confinement, pursuant to an order of a court, of a person . . . charged with or convicted of an offense" (Penal Law § 205.00 [1]). A facility must be "secure" to meet the definition of a "detention" facility (*Matter of Dylan C.*, 16 NY3d 614, 617 [2011]). A "detention facility" need not be physically located inside of a jail (*see Williams v City of New York*, 2 NY3d 352, 361-362 [2004]). The subject area of the courthouse constitutes a detention facility as defined in the statute.

The defendant additionally contends that the County Court erred when it instructed the jury, with respect to the charge of attempted escape in the first degree under Penal Law § 205.15 (2), inter alia, that the defendant was alleged to have commit-

ted that offense while charged with murder in the second degree. The defendant claims that he was prejudiced by this part of the charge, even though it tracked the language specified in the Criminal Jury Instructions (hereinafter CJI), and that the court instead should have merely informed the jury that the claimed offense was committed while the defendant was charged with a class A felony. The defendant is incorrect. In general, the standard jury charges set forth in the CJI adequately state the applicable legal principles (*see People v Gregory*, 78 AD3d 1246, 1248 [2010]; *People v Correa*, 73 AD3d 942, 943 [2010]; *see also People v Dory*, 59 NY2d 121, 129 [1983]; *People v Barker*, 186 AD2d 207, 208 [1992]). Consequently, "the better practice for the trial courts is, when feasible, to utilize the charges contained in the Criminal Jury Instructions" (*People v King*, 85 AD3d 412, 413 [2011]). Here, the court, appropriately, did just that. The defendant has failed to show how he was prejudiced thereby, especially since the jury learned from the parties' stipulation on the record during the trial that, at the time the defendant attempted to commit the escape, he was under indictment for murder.

Lastly, the County Court did not improvidently exercise its discretion in precluding defense counsel from cross-examining a correction officer who transported the defendant from the jail to the courthouse regarding his familiarity with the defendant's prescribed medications. "It is well settled that an accused's right to cross-examine witnesses . . . is not absolute. The scope of cross-examination is within the sound discretion of the trial court and it must weigh the probative value of such evidence against the possibility that it would confuse the main issue and mislead the jury . . . or create substantial danger of undue prejudice to one of the parties" (*People v Hayes*, 17 NY3d 46, 53 [2011] [internal quotation marks, brackets and citations omitted]). Moreover, "[w]hile a defendant has a constitutional right to present a defense, the right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence" (*id.* at 53 [internal quotation marks and brackets omitted]). Given the court's ruling precluding the defendant from introducing psychiatric evidence for his failure to give notice pursuant to CPL 250.10, the court properly precluded the defendant from seeking to elicit such evidence from the correction officer on cross-examination, which would have been irrevelant and may have confused the jury (*see People v Nunez*, 7 AD3d 298, 299 [2004]; *People v Eleby*, 288 AD2d 50, 50 [2001]; *People v George*, 197 AD2d 588, 589 [1993]). Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.