People v Taglianetti (2020 NY Slip Op 02561)





People v Taglianetti


2020 NY Slip Op 02561


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


188 KA 14-00747

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY R. TAGLIANETTI, DEFENDANT-APPELLANT.






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (JOHN C. ZUROSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered February 24, 2014. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court abused its discretion in precluding him from offering psychiatric evidence in support of an affirmative defense of extreme emotional disturbance (EED). We reject that contention. Defendant did not move for permission to file a late notice of his intent to introduce psychiatric evidence until more than six months after the 30-day statutory deadline, and the court determined that defendant failed to show good cause to allow the late filing (see CPL 250.10 [2]; People v Silburn, 31 NY3d 144, 160 [2018]; People v Crawford, 163 AD3d 986, 987 [2d Dept 2018], lv denied 32 NY3d 1063 [2018]). Among other things, defendant failed to demonstrate that the defense had any merit (see generally Silburn, 31 NY3d at 161; People v Smith, 1 NY3d 610, 612 [2004]; People v Rizzo, 267 AD2d 1041, 1042 [4th Dept 1999], lv denied 95 NY2d 838 [2000]).
Even assuming, arguendo, that the court abused its discretion in precluding the evidence, we conclude that the error was harmless inasmuch as the evidence of defendant's guilt was overwhelming and there was no significant probability that preclusion of the psychiatric evidence impacted the verdict (see People v Foti, 33 AD3d 403, 403 [1st Dept 2006], lv denied 7 NY3d 901 [2006]; see also Silburn, 31 NY3d at 161 n 11; People v Muller, 72 AD3d 1329, 1334 [3d Dept 2010], lv denied 15 NY3d 776 [2010]; People v Brown, 4 AD3d 886, 889 [4th Dept 2004], lv denied 3 NY3d 637 [2004]). Defendant did not establish that any "relevant connection existed between his claimed mental infirmity and his decision to deliberately shoot and kill" the victim (Muller, 72 AD3d at 1334; see generally Brown, 4 AD3d at 889). Further, the People presented overwhelming evidence of defendant's intent to kill the victim and his planning with respect thereto both before and after the incident. Indeed, the evidence presented was entirely inconsistent with the elements of an EED affirmative defense (see Muller, 72 AD3d at 1334; see also People v Pavone, 26 NY3d 629, 644-645 [2015]). The subjective element of an EED defense " focuses on the defendant's state of mind at the time of the crime and requires sufficient evidence that the defendant's conduct was actually influenced by an extreme emotional disturbance. This element is generally associated with a loss of control' " (Pavone, 26 NY3d at 643; see People v McKenzie, 19 NY3d 463, 467 [2012]; People v Diaz, 15 NY3d 40, 45 [2010]). Here, the evidence demonstrated that defendant engaged in a planned and calculated murder of a man who had sexually explicit email conversations with defendant's wife. Defendant sent threatening emails to the victim twice in the month before the murder. On the day of the murder, defendant left his Virginia home in the early morning hours and arrived at the victim's workplace in Western New York in the afternoon, but the victim was not there. Defendant then proceeded [*2]to the victim's home nearby and awaited the victim, who arrived home that evening and was fatally shot once in the chest and twice in the back at close range. Defendant then drove back to Virginia, throwing away the victim's cell phone along the way. The People therefore presented overwhelming evidence that defendant never lost control over his actions and thus was not acting under an EED (see People v Mohamud, 115 AD3d 1227, 1228 [4th Dept 2014], lv denied 23 NY3d 965 [2014]; People v Zamora, 309 AD2d 957, 958 [2d Dept 2003], lv denied 1 NY3d 583 [2003]; cf. People v Moye, 66 NY2d 887, 890 [1985]).
We agree with defendant that the court erred in determining prior to trial that it would not charge the jury on the affirmative defense of EED. A defendant may be entitled to a jury charge on the affirmative defense of EED based solely on the People's proof (see People v Gonzalez, 22 NY3d 539, 545 [2014]), and thus it was error for the court to make that ruling without any consideration of the People's evidence. We agree with the People, however, that the error was harmless. Defendant was not entitled to such a charge here because the evidence, viewed in the light most favorable to defendant, was not sufficient for the jury to find by a preponderance of the evidence that the elements of the affirmative defense of EED were satisfied (see generally id.; People v Walker, 64 NY2d 741, 743 [1984], rearg dismissed 65 NY2d 924 [1985]; People v Coello, 129 AD3d 442, 442-443 [1st Dept 2015], lv denied 26 NY3d 927 [2015]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court