■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DAVIS, Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing, guilty plea and sentence), rendered January 4, 1988, convicting defendant of murder in the second degree (Penal Law § 125.25 [3]) and sentencing him to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Defendant argues that his statement should have been suppressed because he had been subjected to custodial interrogation without the benefit of warning. The facts adduced at the hearing establish that defendant with codefendant arrived at the scene of the crime while officers were conducting their investigation upon discovery of the body. Although defendant expressed "some" aggravation, he nonetheless voluntarily accompanied the officers and codefendant to the precinct. Codefendant was the focus of the investigation, There, as well as during his trip to the precinct, defendant was not restrained whatsoever, and was allowed to doze off. Although defendant, when awakened, asked to leave, he decided to give a statement and, thereafter, never renewed the request. In all, he was at the precinct an hour and 40 minutes, during which time he mostly slept, before giving the statement, which was neither coerced nor accusatory in nature.

The facts lead us to conclude that defendant's statement was not the product of custodial interrogation, without giving proper warnings. The applicable standard in determining whether a defendant is in custody is "not subjective, but rather what a reasonable person, innocent of any crime, would have thought had he been in defendant's position." *(People v*

*Centano,* 153 AD2d 494, 495, *lv granted* 74 NY2d 901, citing *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851.) Under this standard and giving consideration to the fact that an interview at a police station is not necessarily a custodial interrogation, the suppression court ruled correctly. Other factors considered, that defendant was never restricted, apparently cooperated, and was subjected only to investigatory questioning, support the conclusion reached. *(Supra; People v Bailey,* 140 AD2d 356.) Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.