■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE REED CAMARRE, Appellant.—Judgment unanimously reversed on the law and indictment dismissed with leave to the People to re-present any appropriate charges to another Grand Jury. Memorandum: On appeal from her conviction of conspiracy in the sixth degree, defendant contends that her conviction was unsupported by sufficient evidence and that she was deprived of a fair trial by prosecutorial misconduct during summation.

The evidence is sufficient to support defendant's conviction of sixth degree conspiracy. The evidence is sufficient if it shows that defendant and another had a tacit prearranged agreement—a shared specific intent—to commit the crime (People v Douglas, 54 AD2d 515, 515-516; People v Gross, 51 AD2d 191, 195). Proof of the intent and the agreement can be inferred from circumstantial facts, including the joint commission of the substantive crime (see, People v Ozarowski, 38 NY2d 481; People v Douglas, supra; People v Gross, supra).

Here, the proof demonstrated that defendant possessed cocaine on numerous occasions and shared cocaine with her coconspirators. It is thus inferable that she shared her codefendants' intent, and had a tacit agreement with them, to commit the crime of criminal possession. Thus, the proof is sufficient to establish defendant's guilt of conspiracy.

Defendant's conviction must be reversed, however, because she was deprived of a fair trial by prosecutorial misconduct. On summation the prosecutor impermissibly told the jury that the court's instruction that a certain witness was an accomplice as a matter of law should be applied equally to find defendant guilty of conspiracy. That argument had the tendency to remove the issue of defendant's criminal liability from the jury's consideration and, combined with the court's refusal to give curative instructions, deprived defendant of a fair trial. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Conspiracy, 6th Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.