■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SOTO, Appellant. [678 NYS2d 9] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 2, 1993, convicting defendant, after a jury trial, of murder in the second degree, three counts of kidnapping in the first degree, conspiracy in the second degree and criminal impersonation in the first degree, and sentencing him to concurrent terms of 20 years to life on the murder conviction, 15 years to life on each of the kidnapping convictions, 6 to 12 years on the conspiracy conviction and 1½ to 3 years on the criminal impersonation conviction, and order, same court and Justice, entered on or about June 18, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. Although the hearing court, in rendering its decision, failed to make findings of fact or conclusions of law, as required by CPL 710.60 (6), this Court has an adequate record upon which to make its own findings and conclusions with respect to defendant's motion to suppress his written and videotaped statements (*see, People v Jones*, 247 AD2d 272). The record establishes that defendant was asked only pedigree information when he first arrived at the precinct, which does not require *Miranda* warnings (*see, People v Rodney*, 85 NY2d 289). He was not questioned for several hours, until the officers returned from the crime scene, where the victim's body was recovered. Although the police then informed him that the body had been found and showed him photographs of the crime scene, defendant did not make any statements until after he waived his *Miranda* rights (*People v Tarleton*, 184 AD2d 463, *lv denied* 80 NY2d 910). The hearing evidence, viewed in totality, establishes that defendant's waiver of his *Miranda* rights and his subsequent statements were knowingly, intelligently and voluntarily made, and were not the product of coercion (*see, People v Anderson*, 42 NY2d 35).

We reject defendant's contentions concerning his meritless

*pro se* petition for a writ of habeas corpus. We see no reason to deem this petition a further suppression motion raising an issue under *Payton v New York* (445 US 573). Were we to do so, we would find the motion to be untimely and facially insufficient. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.