■ The People of the State of New York, Respondent, v Henry Steele, Appellant. [722 NYS2d 544] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered April 27, 1999, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first degree, burglary in the first degree (two counts), rape in the first degree (three counts) and sodomy in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life on the murder convictions, consecutive to a term of 25 years on the sodomy conviction and concurrent with terms of 25 years on each of the remaining convictions, unanimously affirmed.

There was legally sufficient evidence that the killing of the victim by a codefendant was in the course and furtherance of the robbery and sex crimes, or in the immediate flight therefrom (see, People v Gladman, 41 NY2d 123). Under the felony murder doctrine (Penal Law § 125.25 [3]), defendant was criminally liable for the killing notwithstanding evidence that it occurred after he had left the scene. The evidence established that the victim was killed within minutes of the completion of the search of the apartment and defendant's departure. Clearly, the jury could have reasonably found that the killing was "in furtherance" of the robbery, since the expressed purpose of the killer was to prevent the victim from identifying him.

Defendant's suppression motion was properly denied in all respects. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The record establishes that the recovery of physical evidence was based on the valid, voluntary consent of defendant's parents, which resulted from their desire to cooperate and not from any unfair deception (see, People v Tarsia, 50 NY2d 1, 11); that defendant was not interrogated until after Miranda warnings were administered (see, People v Soto, 253 AD2d 359, lv denied 92 NY2d 1039; People v Tarleton, 184 AD2d 463, lv denied 80 NY2d 910); and that when, during the videotaped statement, the Assistant District Attorney said "You have to answer," this was simply an instruction to defendant to answer verbally and not just by nodding his head.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.