■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BARROW, Appellant. [726 NYS2d 35] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered April 28, 1999, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 18 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant voluntarily accompanied the detectives to the precinct, was not handcuffed, was left alone, unsupervised and unrestrained and the initial interrogation was investigatory, not accusatory. Thus, the initial interrogation was not custodial and no *Miranda* warnings were required (*see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *People v Walker*, 181 AD2d 636, *lv denied* 79 NY2d 1055). After the police discovered the shotgun used in the crime under defendant's bed as the result of a consent search, they made preliminary or introductory remarks to defendant about the case and inquired briefly about whether defendant desired to make a statement, prior to the administration of *Miranda* warnings. These remarks did not constitute interrogation, and defendant did not make any statements until after he had waived his rights (*see, People v Tarleton*, 184 AD2d 463, *lv denied* 80 NY2d 910; *see also, People v*

*Soto,* 253 AD2d 359, *lv denied* 92 NY2d 1039; *People v Davis,* 234 AD2d 88, *affd* 90 NY2d 947).

In any event, it is clear under the facts here present that even if the initial statement were suppressed, we would find that the videotaped statement made by defendant the following day, after having been given *Miranda* warnings anew, was sufficiently attenuated from the original statement so as to be admissible. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.