Pedro SOTO, Petitioner–Appellant,

v.

Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.

No. 02–2032.

United States Court of Appeals, Second Circuit.

Oct. 23, 2003.

Namita Luthra (Richard M. Greenberg and Joseph M. Nursey), Office of the Appellate Defender, New York, NY, for Appellant, of counsel.

Melissa R. Dipalo, Assistant District Attorney (Robert T. Johnson, District Attorney for Bronx County, and Joseph N. Ferdenzi and Nancy D. Killian, Assistant District Attorneys), Office of the District Attorney, Bronx, NY, for Appellee, of counsel.

PRESENT: WINTER, CABRANES and SACK, Circuit Judges.

### SUMMARY ORDER

In May 1993, Soto was found guilty by a Bronx County jury of second-degree murder and five other counts related to the May 8, 1991 killing of George "Pito" Morales. The centerpiece of the prosecution's evidence was a videotaped statement that Soto made while in police custody on May 10, 1991, the morning following his arrest, in which Soto described his participation in the crime. Soto contends that the videotaped statement was not made voluntarily because he was coerced by beatings and threats by the police.

The State trial court admitted the videotaped statement after holding a *Huntley* suppression hearing but without rendering findings of fact or conclusions of law on that issue. On direct appeal, the Appellate Division affirmed Soto's conviction, and, upon a review of the record, effectively rendered its own findings of fact and conclusions of law, as follows:

The record establishes that defendant was asked only pedigree information when he first arrived at the precinct, which does not require *Miranda* warnings. He was not questioned for several hours, until the officers returned from the crime scene, where the victim's body was recovered. Although the police then informed him that the body had been found and showed him photographs of the crime scene, defendant did not make any statements until after he waived his *Miranda* rights. The hearing evidence, viewed in totality, establishes that defendant's waiver of his *Miranda* rights and his subsequent statements were knowingly, intelligently and voluntarily made, and were not the product of coercion.

*People v. Soto,* 253 A.D.2d 359, 359, 678 N.Y.S.2d 9, 10 (1st Dep't 1998) (internal citations omitted). The New York Court of Appeals, without opinion, denied Soto's application for leave to appeal, *People v. Soto,* 92 N.Y.2d 1039, 707 N.E.2d 459, 684 N.Y.S.2d 504 (1998), and Soto thereafter sought habeas relief in the District Court below, where he raised several issues. On the recommendation of Magistrate Judge Michael H. Dolinger, the District Court dismissed the petition by order dated May 8, 2002, and denied a certificate of appealability. We granted the certificate, limited to the issue of the voluntariness of Soto's videotaped testimony.

Having reviewed the record and considered the arguments of the parties, we conclude, for substantially the reasons stated in the thorough report of the magistrate judge, that Soto's claim is without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.