THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REGAN, Appellant. [801 NYS2d 445]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 10, 2004. The judgment convicted defendant, upon a jury verdict, of arson in the second degree and criminal mischief in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the second degree (Penal Law § 150.15) and criminal mischief in the third degree (§ 145.05 [2]). Defendant failed to move to dismiss based on the alleged insufficiency of the evidence and thus failed to preserve for our review his present contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Evidence of defendant's intent to damage the building and that "circumstances [were] such as to render the presence of such a person [inside the building] a reasonable possibility" may be inferred from both direct and circumstantial evidence (Penal Law § 150.15; *see generally People v Ozarowski*, 38 NY2d 481, 489 [1976]; *People v Brown*, 231 AD2d 956, 957 [1996]; *People v Camarre*, 171 AD2d 1070 [1991]).

Defendant failed to preserve for our review his contention that County Court erred in charging the jury concerning the manner in which it should evaluate defendant's prior felony conviction (*see* CPL 470.05 [2]). In any event, we note that the court's charge essentially tracked the language of 1 CJI (NY) 7.21 and was proper (*see generally People v Jackson*, 74 NY2d 787, 790 [1989]).

Contrary to the further contention of defendant, the court properly refused to suppress statements he made to the police. In determining that defendant was not in custody when he made his oral statements to the officers, the court was entitled to credit the testimony of the police officers that defendant voluntarily accompanied them to the Buffalo Fire Investigation Office, was not handcuffed and did not request an attorney (*see generally People v Yukl*, 25 NY2d 585, 588-589 [1969], *rearg denied* 26 NY2d 845 [1970]; *cert denied* 400 US 851 [1970]; *People v Peterkin*, 12 AD3d 1026, 1028 [2004], *lv denied* 4 NY3d 766 [2005]). The inquiry of defendant whether he needed an attorney does not constitute a request for counsel (*see People v Mitchell*, 2 NY3d 272, 276 [2004]; *People v D'Eredita*, 302 AD2d 925 [2003], *lv denied* 99 NY2d 654 [2003]). Indeed, we note that defendant testified that he did not believe that he was under arrest and did not feel pressured by the officers' presence. The record also supports the court's determination that defendant

knowingly, voluntarily and intelligently waived his *Miranda* rights before providing his written statements to the police (*see People v Cunningham*, 13 AD3d 1118, 1119 [2004], *lv denied* 4 NY3d 829 [2005]). The court was entitled to resolve issues of credibility in favor of the People (*see People v Coleman*, 306 AD2d 941 [2003], *lv denied* 1 NY3d 596 [2004]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.