■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO FLORES, Appellant. [803 NYS2d 85]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered February 7, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's argument that the evidence was legally insufficient to support his conviction for depraved indifference murder because his actions established an intentional murder is unpreserved. In his motion for a trial order of dismissal, defense counsel stated: "I ask for a trial order of dismissal, that the People have not proved that defendant acted under circumstances evincing a depraved indifference to human life." Thus, defendant did not alert the court to the instant argument, that his conduct was intentional, not reckless (see People v Gray, 86 NY2d 10 [1995]; People v Morrison, 17 AD3d 272 [2005]; People v Rivera, 15 AD3d 247, 248 [2005], lv denied 5 NY3d 768 [2005]). It is also noteworthy that defendant requested that the court charge the jury with the lesser included offense of second-degree manslaughter, essentially conceding that there was a reasonable view of the evidence that would support a finding that defendant acted recklessly, rather than with intent to kill (see People v Sanchez, 98 NY2d 373, 378 [2002]). Accordingly, we decline to review the claim. Were we to do so, we would find that the jury could have reasonably concluded, particularly if it credited portions of defendant's statement, that he lacked homicidal intent, but acted under circumstances evincing a depraved indifference to human life (id.).

The court properly denied defendant's motion to suppress his statements to police. The hearing evidence established that defendant, as did other of his fellow employees, voluntarily accompanied police to the station house, was fully cooperative, was not handcuffed, was left alone without supervision, was questioned in a manner that was investigatory rather than accusatory, and was neither a suspect nor was he treated like one. Thus, a reasonable person in defendant's position would not have believed that the interrogation was custodial (see e.g. People v Barrow, 284 AD2d 145 [2001], lv denied 96 NY2d 916 [2001];

*People v Collazo*, 216 AD2d 98 [1995], *lv denied* 86 NY2d 780 [1995]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them as a basis for reversal. Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.