■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE LISOJO, Appellant. [810 NYS2d 658]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 28, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's argument that the evidence was legally insufficient to support his conviction for depraved indifference murder because the evidence established intentional, rather than reckless, conduct is unpreserved (People v Gray, 86 NY2d 10 [1995]; People v Flores, 23 AD3d 194 [2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. We also conclude that the evidence supporting the element of depraved indifference to human life was legally sufficient, and that the verdict was not against the weight of the evidence. The jury could have reasonably concluded, particularly if it credited portions of defendant's statement, that he lacked homicidal intent, but instead acted recklessly under circumstances evincing a depraved indifference to human life (see People v Sanchez, 98 NY2d 373, 377-378 [2002]; People v Flores, supra).

The court properly declined to submit manslaughter in the second degree to the jury as a lesser included offense of depraved indifference murder, since there was no reasonable view of the evidence to support submission of that charge (see e.g. People v Libardi, 12 AD3d 534, 535 [2004], lv denied 4 NY3d 765 [2005]).

Defendant failed to preserve his constitutional argument concerning the relationship between depraved indifference murder and reckless manslaughter (*see People v Iannelli*, 69 NY2d 684 [1986]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see United States v Batchelder*, 442 US 114, 123-124 [1979]; *People v Mannix*, 302 AD2d 297 [2003], *lv denied* 100 NY2d 622 [2003]). Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.