■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD F. PACKER, Appellant. [817 NYS2d 829]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered April 13, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Wayne County Court for sentencing on that conviction.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to renew his motion to dismiss at the close of the People's case after presenting evidence and thus failed to preserve that contention for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). We nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]).

The evidence at trial established that defendant and the victim were close friends. On the night of the victim's death, defendant and the victim were at a party hosted by defendant. Defendant was drinking heavily and taking methadone that had been prescribed for a disabling back injury. Without apparent explanation or provocation, defendant removed two pistols from a safe in his bedroom, held up one of the pistols and fired a single fatal shot at the victim. Defendant testified that he did not recall shooting the victim and had no reason to kill her.

We agree with defendant that "[t]here is no rational view of the evidence by which the jury could have found that defendant acted with the 'uncommon brutality' necessary to meet the standard for depraved indifference murder in this one-on-one [shooting]" (*People v Lawhorn*, 21 AD3d 1289, 1290 [2005], quoting *People v Payne*, 3 NY3d 266, 271 [2004], *rearg denied* 3 NY3d 767 [2004]). We conclude that "defendant's conduct may have reflected recklessness but did not fall within the small, and finite, category of cases evidencing utter depravity, uncommon brutality and inhuman cruelty required for depraved indifference murder" (*People v McPherson*, 6 NY3d 202, 216 [2005]). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree (Penal Law § 125.15 [1]) and vacating the sentence (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on that conviction.

Defendant failed to preserve for our review his challenge to

the constitutionality of the depraved indifference murder statute (*see People v Lisojo*, 27 AD3d 215, 216 [2006]; *see also People v Mastowski*, 26 AD3d 744, 745-746 [2006], *lv denied* 6 NY3d 850 [2006]). We reject defendant's contention that the court erred in discharging a sworn juror (*see People v Tisdale*, 270 AD3d 917 [2000], *lv denied* 95 NY2d 839 [2000]). In view of our determination, we see no need to address defendant's remaining contentions. Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.