■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENA LOPEZ, Appellant. [834 NYS2d 759]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered October 21, 2003. The judgment convicted defendant, upon her plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of murder in the second degree (Penal Law § 125.25 [4]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review her challenge to the factual sufficiency of the plea allocution (*see People v Gibbs*, 31 AD3d 1186 [2006], *lv denied* 7 NY3d 867 [2006]). This case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666 [1988]). Contrary to defendant's contention, "[t]he proof that the People intended to offer at trial, placed on the record by the prosecutor, contained strong evidence of defendant's guilt" (*People v Peralta*, 231 AD2d 958 [1996], *lv denied* 90 NY2d 909 [1997]). Also contrary to the contention of defendant, Supreme Court properly refused to suppress her statements to the police. The record of the suppression hearing supports the court's conclusion that defendant was not in custody when she made those statements to the investigating officers at her home, the hospital and the police department. A reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody when the statements were made (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Andrews*, 13 AD3d 1143, 1144-1145). Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.