■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE FOLKES, Also Known as THEODORE BLACKSTOCK, Appellant. [841 NYS2d 365]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered April 4, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and certain statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient to establish his guilt of depraved indifference murder (*see* Penal Law § 125.25 [2]) is unpreserved for appellate review because the defendant's motion to dismiss for legal insufficiency was on the ground that his girlfriend's death was an accident, and not " 'specifically directed' to the depraved indifference charge" (*People v Hall*, 32 AD3d 864, 864 [2006], quoting *People v Gray*, 86 NY2d 10, 19 [1995]; *see People v Parker*, 29 AD3d 1161, 1162 [2006], *affd* 7 NY3d 907 [2006]; *People v Lisojo*, 27 AD3d 215 [2006]; *People v Flores*, 23 AD3d 194, 195 [2005]; *see also People v Craft*, 36 AD3d 1145, 1146 [2007]). Thus, his contention on appeal that "[w]hat little evidence there is would be more consistent with an intentional act than with a reckless one" was not properly preserved for appellate review and we decline to exercise our interest of justice jurisdiction to review

it. Notably, the defendant did not object to the court charging the jury with depraved indifference murder and second-degree manslaughter and essentially conceded that there was a reasonable view of the evidence that would support a finding that he acted recklessly, rather than with the intent to kill (*see People v Flores, supra*).

Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury (*see* CPL 210.30 [6]; *People v Hall, supra; People v Bedell,* 272 AD2d 622 [2000]).

The defendant's contention that certain physical evidence should have been suppressed as the result of a warrantless search of the apartment where his girlfriend resided and was killed is without merit (*see generally Payton v New York,* 445 US 573 [1980]). The police entry into the subject apartment was proper under both the consent (*see People v Gonzalez,* 39 NY2d 122 [1976]; *People v Gittens,* 34 AD3d 693 [2006]; *People v Richards,* 119 AD2d 597 [1986]) and exigent circumstances exceptions to the prohibition against warrantless searches and seizures (*see People v Calhoun,* 49 NY2d 398, 403 [1980]; *People v Williams,* 296 AD2d 560, 561 [2002]; *People v Saunders,* 290 AD2d 461, 463 [2002]; *People v Green,* 103 AD2d 362, 365-366 [1984]; *cf. People v Cartier,* 149 AD2d 524, 526 [1989]).

The defendant's contention that the admission of a statement he made to a police officer at the time of his arrest violated his right to remain silent is unpreserved for appellate review. The only objection to the admission of that statement was made immediately before the trial began on the grounds that it had "absolutely no probative value," it only had a "prejudicial effect," and "add[ed] nothing to the [People's] case." Thus, the ground the defendant raises on appeal, that the admission of that statement violated his right to remain silent, was not the ground raised when he made the objection (*see* CPL 470.05 [2]; *People v Clark,* 37 AD3d 487, 488 [2007]; *People v Jones,* 25 AD3d 724, 725 [2006]). In addition, the defendant failed to object when the police officer testified about the statement and made only a general objection to the prosecutor's reference to that statement during summation (*see People v Clark, supra; People v Tevaha,* 84 NY2d 879, 881 [1994]; *People v Wright,* 40 AD3d 1021 [2007). Moreover, the statement with which the defendant takes issue on this appeal was not the subject of the pretrial suppression motion which sought to exclude, on the ground of an alleged *Miranda* violation (*see Miranda v Arizona,* 384 US 436 [1966]), other statements made to the police im-

mediately after the murder when the defendant was a witness and not under arrest.

The defendant's remaining contentions are without merit. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.