■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID G. MURPHY, Appellant. [842 NYS2d 839]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 19, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant that County Court erred in refusing to suppress his statement to the police as well as physical evidence. After learning that defendant was involved in a romantic relationship with the victim's wife, the police went to defendant's house to inquire further about the relationship. Defendant consented to a search of his home and vehicle and told the police that he recently had purchased a rifle but that it had been stolen from him. Defendant then agreed to accompany the police to the police station to file a report concerning the stolen rifle. While traveling approximately five minutes to the police station from his house with two officers in an unmarked vehicle, defendant told the police that he had some confrontations with the victim and was afraid of him. Upon arriving at the police station, defendant admitted that he knew where his rifle was located. The police then advised defendant of his *Miranda* rights, and defendant gave a statement to the police after waiving his rights.

Contrary to the contention of defendant, the record supports

the court's conclusion that defendant was not in custody prior to being advised of his *Miranda* rights. "A reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody when the statements were made" (*People v Lopez*, 39 AD3d 1231, 1232 [2007], *lv denied* 9 NY3d 847 [2007]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Lunderman*, 19 AD3d 1067, 1068-1069 [2005], *lv denied* 5 NY3d 830 [2005]). Defendant voluntarily accompanied the police to the police station, was cooperative, and was never handcuffed, and the police conducted only investigatory rather than accusatory questioning (*see People v Dozier*, 32 AD3d 1346 [2006], *lv dismissed* 8 NY3d 880 [2007]; *Lunderman*, 19 AD3d at 1068-1069; *People v Barrow*, 284 AD2d 145 [2001], *lv denied* 96 NY2d 916 [2001]; *People v Davis*, 161 AD2d 395 [1990], *lv denied* 76 NY2d 855 [1990]). "Because the initial statement[s were] not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]; *see People v Cunningham*, 13 AD3d 1118, 1119 [2004], *lv denied* 4 NY3d 829 [2005]).

Defendant further contends that he raised a possible defense of extreme emotional disturbance during the plea colloquy and that the court failed to conduct a sufficient inquiry to ensure that the plea was knowing and voluntary. Even assuming, arguendo, that this is one of those rare cases where preservation of defendant's contention is not required because "defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]), we conclude that the court conducted a sufficient inquiry to ensure that the plea was knowing and voluntary (*see People v Greer*, 277 AD2d 1051 [2000], *lv denied* 96 NY2d 829 [2001]). Indeed, defendant indicated that he understood that he was waiving that defense by pleading guilty. Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Martoche, Centra, Green and Pine, JJ.