■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUDA, Appellant. [845 NYS2d 671]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 7, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, rape in the first degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count each of criminal sexual act in the first degree (Penal Law § 130.50 [4]) and endangering the welfare of a child (§ 260.10 [1]), and three counts of rape in the first degree (§ 130.35 [4]). Following a trial that ended in a deadlocked jury, a mistrial was declared and a second trial was held on all charges, resulting in the judgment on appeal. Contrary to defendant's contention, County Court did not abuse its discretion in declaring a mistrial on the ground that the jury was deadlocked. The jury had deliberated for a total of four hours, and the court twice required the jury to engage in further deliberations after being informed of the deadlock (see CPL 310.60 [1] [a]; Matter of Plummer v Rothwax, 63 NY2d 243, 251-252 [1984]; see also People v Ortiz, 54 NY2d 288, 292 [1981]). The court was not required to poll the jury before declaring a mistrial inasmuch as it asked the jury foreperson in the presence of the entire jury whether a unanimous verdict could be reached in a reasonable amount of time and received a negative response without dissent from the other jurors (see Plummer, 63 NY2d at 252). Contrary to defendant's further contention, "the second trial did not violate the prohibition against double jeopardy inasmuch as the evidence at the first trial was legally sufficient to support a conviction" (People v Dennard, 39 AD3d 1277, 1278 [2007], lv denied 9 NY3d 842 [2007]; cf. People v Tingue, 91 AD2d 166, 167-168 [1983]).

We further conclude that the People's failure to provide defendant with a misplaced handwritten note given to the police by the victim does not require reversal. Rather, we conclude that the court appropriately sanctioned the People for failing to provide defendant with the note by informing the jury that an adverse inference may be drawn with respect to the contents of the note (see People v Martinez, 71 NY2d 937, 940 [1988]). In any event, the possibility of prejudice to defendant based on the

People's failure to provide him with a copy of the note was "remote" because defendant was provided with a sworn written statement by the victim, and the victim testified that the contents of the handwritten note were the same as the contents of the sworn statement (*id.*).

We reject the contention of defendant that the court erred in refusing to suppress his statement to the police before he was informed of his *Miranda* rights. Defendant was not in custody at the time he made the statement, and thus the police were not required to inform him of his *Miranda* rights at that time (*see generally People v Yukl*, 25 NY2d 585, 588-589 [1969], *cert denied* 400 US 851 [1970]). Indeed, the record establishes that defendant initiated contact with the police, voluntarily accompanied a police officer to the police station, was not handcuffed, and was questioned in an investigatory rather than an accusatory manner (*see People v Murphy*, 43 AD3d 1276, 1277 [2007]; *People v Regan*, 21 AD3d 1357, 1358 [2005]; *People v Cunningham*, 13 AD3d 1118, 1119 [2004], *lv denied* 4 NY3d 829 [2005], 5 NY3d 761 [2005]). A reasonable person, innocent of any crime, would not have believed that he or she was in custody under those circumstances (*see Yukl*, 25 NY2d at 589).

Defendant failed to preserve for our review his challenge to the court's jury instructions (*see* CPL 470.05 [2]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The court properly denied defendant's request for a missing witness charge with respect to two witnesses because, although they were knowledgeable about material issues, they would have provided only cumulative testimony (*see generally People v Gonzalez*, 68 NY2d 424, 427 [1986]). Finally, although we note our disapproval of the prosecutor's comments during summation that in effect denigrated the defense, we conclude that those comments, as well as the others challenged by defendant, were "not so egregious as to deprive defendant of his right to a fair trial" (*People v Ortiz-Castro*, 12 AD3d 1071 [2004], *lv denied* 4 NY3d 766 [2005]). Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.