THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL NUNEZ, Appellant. [857 NYS2d 854]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 13, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), defendant contends that the conviction is not supported by legally sufficient evidence because his conduct did not evince the requisite wanton cruelty and depravity. Defendant failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19

[1995]) and, in any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). According to the evidence presented at trial, defendant and the victim, his girlfriend, were visiting with friends at approximately 10:00 P.M., and defendant began beating the victim after he saw her talking to another man. The victim was bleeding and had sustained marks on her eyes and nose and, although she went inside the home, defendant brought her back outside and continued to kick, slap, and punch her. Eyewitnesses yelled at defendant to stop, and they called the police, whereupon defendant directed the victim to enter her vehicle. Defendant then drove off with the victim and her six-year-old son. Defendant continued to strike the victim inside the vehicle by, inter alia, slamming her head on the dashboard.

When they arrived at the victim's apartment, defendant pulled the victim from the vehicle and began to punch her. He then dragged the unconscious victim through her bedroom window and directed her son to go to bed. At approximately 8:30 the next morning, defendant called 911 and, when the police and medical personnel arrived, they found the victim lying on a bed, unconscious. There was blood spattered on the walls and on different areas of the bed, suggesting that the brutal assault continued after defendant brought the victim inside her apartment. The victim was transported to the hospital, where she died later that day. The autopsy indicated that the victim died from blunt force injuries to her head and neck.

Although we agree with defendant that his failure to summon aid for the victim until the morning after the attack is legally insufficient, by itself, to support the conviction of depraved indifference murder (*see People v Mancini*, 7 NY3d 767, 768 [2006]; *People v Suarez*, 6 NY3d 202, 210 [2005]), there otherwise is legally sufficient evidence to support the conviction. Defendant engaged in a "brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim [and, w]hen a defendant's actions serve to intensify or prolong a victim's suffering, they bespeak a level of cruelty that establishes the depravity mandated by statute" (*Suarez*, 6 NY3d at 212-213). We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, Supreme Court properly admitted in evidence prior acts of domestic violence against the victim inasmuch as that evidence was relevant to establish defendant's motive and to provide background material (*see People v Parsons*, 30 AD3d 1071, 1073 [2006], *lv denied* 7 NY3d

816 [2006]; *People v Williams*, 29 AD3d 1217, 1219 [2006], *lv denied* 7 NY3d 797 [2006]), and its probative value outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 242 [1987]). The court also properly refused to suppress the statements of defendant to the police in the victim's home before he was advised of his *Miranda* rights. Defendant was not in custody at that time, and the questioning was investigatory rather than accusatory (*see People v Duda*, 45 AD3d 1464, 1466 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Murphy*, 43 AD3d 1276, 1276-1277 [2007], *lv denied* 9 NY3d 1008 [2007]; *People v Sachs*, 15 AD3d 1005, 1006-1007 [2005], *lv denied* 5 NY3d 768 [2005]). " 'Because the initial statement[s were] not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* [statements] given by defendant cannot be considered the fruit of the poisonous tree' " (*Murphy*, 43 AD3d at 1277). Also contrary to the contention of defendant, the court properly refused to suppress the physical evidence seized from the victim's apartment inasmuch as he failed to meet his burden of demonstrating that he had standing to challenge the search of the apartment, i.e., that he possessed "a personal legitimate expectation of privacy" therein (*People v Whitfield*, 81 NY2d 904, 906 [1993]; *see People v Trotter*, 224 AD2d 1013 [1996]).

We reject the contention of defendant that the court erred in admitting in evidence the 911 tapes of various eyewitnesses to the initial beating. The statements on those tapes were not "testimonial" within the meaning of *Crawford v Washington* (541 US 36 [2004]) because the callers were describing ongoing circumstances that required police assistance (*see Davis v Washington*, 547 US 813, 822 [2006]; *People v Marino*, 21 AD3d 430, 431 [2005], *lv denied* 5 NY3d 883 [2005], *cert denied* 548 US 928 [2006]; *People v Coleman*, 16 AD3d 254, 254-255 [2005], *lv denied* 5 NY3d 805 [2005]). Defendant failed to preserve for our review his further contention that the jury charge was improper (*see* CPL 470.05 [2] [a]) and, in any event, that contention lacks merit. Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.