■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ELTING III, Appellant. [864 NYS2d 327]—Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated March 15, 2005, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) on his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon his plea of guilty, on September 13, 2001.

Ordered that the order is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE FOLKES, Also Known as THEODORE BLACKSTOCK, Appellant. [864 NYS2d 327]—Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated September 11, 2007 (*People v Folkes,* 43 AD3d 956 [2007]), affirming a judgment of the Supreme Court, Kings County, rendered April 4, 2000, on the ground of ineffective assistance of appellate counsel.

Ordered that the appellant is granted leave to serve and file a brief on the issue of whether appellate counsel was ineffective for failing to raise the issue that trial counsel was ineffective for failing to preserve the argument regarding legal sufficiency; and it is further,

Ordered that pursuant to County Law § 722, the following named attorney is assigned as counsel to prosecute the application: David R. Walton, 22 Broadway, Suite 1901, New York, N.Y., 10007; and it is further,

Ordered that assigned counsel shall prosecute the application expeditiously in accordance with this Court's rules (*see* 22 NYCRR 670.1 *et seq.*), and written directions; and it is further,

Ordered that the application is held in abeyance in the interim. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.