People v Gordon (2020 NY Slip Op 01980)





People v Gordon


2020 NY Slip Op 01980


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


148 KA 16-01486

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER GORDON, DEFENDANT-APPELLANT.






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 17, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a forged instrument in the second degree (two counts) and criminal impersonation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). The conviction arises from defendant's use of a forged materials receipt and a forged certificate of insurance while holding himself out as a contractor.
Defendant concedes on appeal that the two documents at issue here, i.e., the materials receipt and certificate of insurance, are "undeniably false," but he contends that his conviction of criminal possession of a forged instrument in the second degree is based on insufficient evidence because, as a matter of law, the two documents do not constitute instruments within the meaning of Penal Law § 170.10 (1). We reject that contention. "A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument of a kind specified in section 170.10" (§ 170.25). Although neither "materials receipt" nor "certificate of insurance" are on the enumerated list of types of instruments set forth in section 170.10 (1), that section contains a catchall clause concerning "other instrument[s] which do[ ] or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status," which encompasses both of the documents at issue here.
With respect to the forged materials receipt, i.e., a receipt for building materials purportedly purchased from a certain company, an employee from that company testified that the materials receipt was necessary to show it was purchased from the company and to return the materials for a refund. We therefore conclude that the materials receipt "evidence[s] . . . or otherwise affect[s] a legal right, interest, obligation or status" (Penal Law § 170.10 [1]; see generally People v Watts, 32 NY3d 358, 364-365 [2018]; People v DeRue, 179 AD2d 1027, 1029 [4th Dept 1992]). With respect to the forged certificate of insurance, an insurance expert testified for the People that the falsified certificate of insurance was necessary for defendant to conduct business as a contractor, and that it evidenced a contract of insurance between defendant and the insurance company and thus evidenced defendant's status as an insured. We therefore likewise conclude that the certificate of insurance falls within the catchall clause of section 170.10 (1). Thus, the two documents at issue do constitute "forged instrument[s] of a kind specified in section 170.10" (§ 170.25) and, contrary to defendant's contention, County Court properly denied defendant's motion for a trial order of dismissal (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that a comment from the court during defense counsel's summation deprived defendant of a fair trial is not preserved for our review (see People v Charleston, 56 NY2d 886, 887 [1982]; People v Wilson, 243 AD2d 316, 316 [1st Dept 1997], lv denied 91 NY2d 1014 [1998]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court's charge to the jury with respect to the definition of an instrument under Penal Law § 170.10 (1) did not deprive defendant of a fair trial. We note that the court's charge tracked the language of the pattern charge set forth in the Criminal Jury Instructions and conveyed the correct definition to the jury (see CJI2d[NY] Penal Law
§ 170.25; see generally People v Regan, 21 AD3d 1357, 1358 [4th Dept 2005]). Finally, the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court