■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROOKS, Appellant. [630 NYS2d 49] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered March 9, 1993, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent indeterminate terms of imprisonment of from $2^1/2$ to $7^1/2$ years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the proof regarding his knowledge of the weight of the controlled substance (*People v Ryan*, 82 NY2d 497) is not preserved for our review. Defendant failed to object to the instruction given to the jury so as to afford the court the opportunity to cure any error (*People v Gray*, 86 NY2d 10, *affg People v Ivey*, 204 AD2d 16), and we decline to reach the issue in the interest of justice (CPL 470.15 [3]).

Defendant also did not preserve by timely objection his claim of error in connection with the trial court's instruction regarding acting in concert (CPL 470.05), and we decline to reach the issue. Were we to review the question in the interest of justice, we would find that the court's instruction was in all respects proper. The jurors were told that, to find defendant guilty on an acting in concert theory, the People must prove that he knowingly acted with intent to further a specific criminal purpose and that mere presence at the scene is insufficient to support criminal complicity. The court's offer of hypothetical examples of the acting in concert theory cannot reasonably be viewed as directing a verdict, but afforded appropriate assistance in understanding the applicable legal principles (*People v Fagan*, 166 AD2d 290, 291, *lv denied* 77 NY2d 838).

Finally, we perceive no abuse of discretion in the sentence imposed. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.