■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE ANDERSON, Appellant. [638 NYS2d 910]

The trial court struck an appropriate balance between the probative value and possible prejudicial effect of defendant's prior convictions in its *Sandoval* ruling, and in light of the court's exclusion of defendant's felony drug conviction, it was a proper exercise of discretion to permit inquiry into the existence and underlying facts of his prior manslaughter conviction (*see, People v Bennette*, 56 NY2d 142, 148). The court's guidelines to the prosecutor as to the parameters of permissible inquiry were sufficiently specific.

The court's instructions on accomplice liability and constructive possession, when viewed in their entirety, adequately conveyed to the jury that defendant could only be convicted of third-degree possession as an accomplice if he shared the codefendant's specific intent to possess the drugs with the intent to sell them (*see, People v Brooks*, 217 AD2d 492 *lv denied* 86 NY2d 840; *People v Capriles*, 198 AD2d 57, *lv denied* 83 NY2d 870). Nor were the court's hypothetical examples of constructive possession so similar to the facts herein as to warrant reversal (*see, People v Brooks, supra; People v Wise*, 204 AD2d 133, 134-135, *lv denied* 83 NY2d 973). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.