■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FONG, Appellant. [791 NYS2d 53]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered May 1, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

Defendant failed to preserve his argument that the court's *Allen* charge (*Allen v United States*, 164 US 492 [1896]) was coercive (*see People v Rodriguez*, 1 AD3d 150 [2003], *lv denied* 1 NY3d 579 [2003]; *People v Perdomo*, 204 AD2d 128 [1994], *lv denied* 83 NY2d 970 [1994]). The positions defense counsel took before and after the court delivered the *Allen* charge were insufficient to alert the court to this claim (*compare People v Aponte*, 2 NY3d 304, 307 [2004]). Moreover, defendant declined the court's offer to deliver an amended *Allen* charge, insisting instead on the inappropriate remedy of a mistrial. We decline to review this issue in the interest of justice, and, were we to review it, we would find that under these circumstances the charge was not coercive. However, we note with some dismay that the trial judge framed his own impromptu *Allen* charge, as he did in *People v Aponte* (*supra*), including remarks that, as in *Aponte*, seemed to imply that the jurors were failing in their duties and to attempt to shame them into reaching a verdict. Although in this instance the charge was generally less prejudicial overall than that in *Aponte*, and the several additional hours of deliberations thereafter tend to indicate that the jurors did not feel coerced (*compare id*. at 309), each time a judge declines to employ the carefully thought-out measured tone of the standard jury charge in favor of improvised language, an additional risk of reversal and a new trial is created.

Although there was an insufficient factual predicate for expert testimony as to the roles of the varying participants in street-level narcotics sales (*see People v Smith*, 2 NY3d 8 [2004]), the error was harmless because there is otherwise overwhelming evidence of defendant's guilt and there is no significant probability that the error affected the verdict (*id*. at 12-13). Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.