■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENATA HILL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRAIN DANDRIDGE, Appellant. [860 NYS2d 518]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered June 14, 2007, convicting defendant Renata Hill, after a jury trial, of gang assault in the second degree and assault in the third degree, and sentencing her to an aggregate term of eight years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the gang assault conviction and remanding for a new trial on that count, and otherwise affirmed.

Judgment, same court and Justice, rendered June 14, 2007, convicting defendant Terrain Dandridge, after a jury trial, of gang assault in the second degree, and sentencing her to a term of 3½ years, unanimously reversed, on the law and the facts, and the indictment dismissed.

A person is guilty of gang assault in the second degree when, with intent to cause "physical injury to another person and when aided by two or more other persons actually present, [s]he causes serious physical injury to such person" (Penal Law § 120.06). Under no view of the evidence could the jury have found that either of these defendants performed an act that directly caused serious physical injury, since the only serious injury suffered by the complainant was the stab wound inflicted by another codefendant. In order to find these defendants guilty of gang assault, the jury would have had to find that each defendant, acting with the mental culpability required for the commission of the crime, solicited, requested, commanded, importuned or intentionally aided the knife-wielding codefendant to engage in the conduct constituting the offense (Penal Law § 20.00).

Viewing the evidence in the light most favorable to the prosecution, we conclude there was insufficient evidence that defendant Dandridge's limited involvement in the altercation was intended to aid, or actually aided, any other member of the group to cause physical injury. Even if we were to find that the evidence was legally sufficient, we would nevertheless find that Dandridge's conviction was against the weight of the evidence (*People v Danielson*, 9 NY3d 342 [2007]).

As for defendant Hill, however, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence supported the inference that she intended to cause physical injury and actively participated in punching and kicking the victim, thereby intentionally aiding the other members of the group in inflicting physical injury, with the ultimate result being serious physical injury (*see People*

*v Villanueva*, 35 AD3d 229 [2006], *lv denied* 8 NY3d 885 [2007]). Nevertheless, Hill's gang assault conviction must be reversed because the jury charges on accessorial liability and justification were confusing and erroneous. There was contradictory evidence concerning the altercation and the multiple defendants' varying roles. Although the incident was captured on surveillance videotapes, the tapes were of poor quality and they could be viewed as supporting the contentions of both the prosecution and defense. In light of the sharply disputed trial issues, it was critical that the charge to the jury clearly set forth the requirements for imposition of accessorial liability and the elements of the defense of justification.

The court did not give the standard jury instruction, which tracks Penal Law § 20.00. Instead, the court indicated that, in addition to finding that each defendant possessed "the mental state that the law includes as being required to be proven," the prosecution must prove "that a person did an act intending in some fashion to carry out the common purpose." The court then provided an analogy to an orchestra, stating that every member of the orchestra, whether the conductor or the person who makes a "ting" on a triangle, was acting "in concert." The court concluded: "You're in it. You're in it. I'm not going to refer to the pregnancy thing, but you're either pregnant or you're not. You are either involved or you're not."

In considering a challenge to a jury instruction, the "crucial question is whether the charge, in its entirety, conveys an appropriate legal standard and does not engender any possible confusion" (*People v Wise*, 204 AD2d 133, 135 [1994], *lv denied* 83 NY2d 973 [1994]). Although a trial judge is not obligated to use the standard jury instructions, this Court has stated "each time a judge declines to employ the carefully thought-out measured tone of the standard jury charge in favor of improvised language, an additional risk of reversal and a new trial is created" (*People v Fong*, 16 AD3d 179, 180 [2005], *lv denied* 4 NY3d 886 [2005]; *see also People v Aponte*, 2 NY3d 304, 307 [2004]). While a hypothetical given in connection with a proper charge on in-concert liability may be helpful (*see People v Brooks*, 217 AD2d 492 [1995], *lv denied* 86 NY2d 840 [1995]), the charge as given in this case could have engendered confusion by leading the jury to believe that any person who was involved in any way in the fight was guilty of gang assault, whether or not that person engaged in conduct intended to aid the primary actor who caused serious physical injury. A comparison with an orchestra may be appropriate to explain that it is no defense that a person's role in a crime was small, so long as the person's

conduct satisfied the requirements of Penal Law § 20.00, but it is essential that the court connect such a comparison with the elements of that statute.

Reversal of Hill's gang assault conviction is required for the additional reason that the jury charge on the defense of justification failed to separately instruct the jury on the use of ordinary physical force and the use of deadly physical force. By failing to distinguish them, the charge created the possibility that the jurors could have understood the duty to retreat to apply to the use of both types of force. While, unlike Hill's challenge to the court's accessorial liability charge, this objection was not preserved, reversal in the interest of justice is warranted (*see People v Soriano*, 36 AD3d 527, 529 [2007]). These errors, neither of which was harmless, require reversal of Hill's gang assault conviction. Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ.