■ The People of the State of New York, Respondent, v Kenny King, Appellant. [923 NYS2d 548]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 29, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to concurrent terms of nine years, nine years, and four years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the third-degree sale and possession convictions to six years each, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that

an officer had an ample opportunity to observe the drug sale at issue by way of a surveillance camera that permitted him to see defendant's conduct as if he were only three or four feet away. The evidence also established the possession charges on an acting-in-concert theory.

In this case, in responding to a note from the deliberating jury, the court properly exercised its discretion in declining defendant's request that it add the standard Criminal Jury Instructions (CJI) charge on accessorial liability to its supplemental instructions. In *People v Hill* (52 AD3d 380 [2008]), we reversed the conviction where the same court gave the same acting-in-concert charge at issue here. We stated that "[a]lthough a trial judge is not obligated to use the standard jury instructions . . . each time a judge declines to employ the carefully thought-out measured tone of the standard jury charge in favor of improvised language, an additional risk of reversal and a new trial is created" (52 AD3d at 382 [internal quotation marks and citation omitted]). However, *Hill* does not control here. In that case, where the offense was gang assault in the second degree, the "orchestra" analogy in the accessorial liability charge was erroneous because it did not adequately convey that, in order to find the defendant guilty of gang assault in the second degree, the defendant had to intend to cause physical injury and intend to aid the main actor in engaging in conduct constituting the offense. In this case, the court's instructions adequately conveyed that the People had the burden of proving beyond a reasonable doubt that defendant intended to sell and possess a controlled substance and intended to aid the main actor in engaging in such conduct. Nevertheless, we repeat the admonition that the better practice for the trial courts is, when feasible, to utilize the charges contained in the Criminal Jury Instructions.

Defendant did not preserve any of his other challenges to the court's main and supplemental charges, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Although, again, the CJI charge would have minimized the potential for jury confusion, it cannot be said that in instructing the jury as it did the court did not satisfactorily explain the concept of acting in concert as related to the facts (*see People v Brooks*, 217 AD2d 492 [1995], *lv denied* 86 NY2d 840 [1995]). Similarly, none of the other challenged portions of the main and supplemental charges deprived defendant of a fair trial.

We find the sentence to be excessive to the extent indicated. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.